EVELYN D. TREDWELL, Plaintiff, *v.* HARRY FRIEDMAN and Others, Defendants.*

Supreme Court, New York County, January 30, 1934.

*Dwyer & Redfield* [*Emanuel Redfield* of counsel], for the receiver.

*Irving Gromer*, for the defendant owner.

McGEEHAN, J. On July 5, 1933, an owner collected $200 rent from a tenant. A receiver in foreclosure is entitled to collect all rents due after his appointment, provided he qualifies promptly. Here he delayed qualification, and, to relieve the court from deciding whether the laches is material, it is conceded that the date of qualification (July 24, 1933) is to govern. The $200 was composed of $100 for past-due July rent, and $100 for rent for August, paid in advance of the law day in the lease. In addition to rents due after the receiver's right accrues, the receiver also takes any rent which the tenant owes to his landlord at the time the receiver's right accrues. None of the $200 was due to the landlord when the receiver's right accrued. The landlord had already collected it. The tenant had paid his July rent in pursuance of his lease. The landlord is not liable to the receiver.

If the tenant is liable his liability is only for the August rent. (Compare *Fletcher* v. *McKeon*, 71 App. Div. 278, with *Manufacturers Trust Co.* v. *Sadenet Realty Co.*, 234 id. 893, and with the cases cited in the brief.) It may be that some of the rule of the *Fletcher* case is still left. It was cited as authority in *Manufacturers Trust Co.* v. *Sadenet Realty Co.* (*supra*).

Motion denied.